Mabio Pittoni, J.
This motion for summary judgment, in an action to foreclose mechanics’ liens, presents the question of priority between competing claimants to funds, arising from a building improvement, in the hands of a general contractor.
The facts in this case are not disputed. On or prior to April, 1958 the defendant, Viet & Co., Inc., undertook to act as general contractor for the owners of Molloy College, Rockville Centre, in the performance of alteration work to the college buildings. On April 16, 1958, the defendant, Grefe & Brennan, Inc., agreed to perform work, labor and services, as subcontractor to the general contractor. The plaintiff and defendant, Roslyn Ahphalt & Material Corp., are materialmen hired by the prime subcontractor, Grefe & Brennan, Inc.
On November 6, 1958 the subcontractor abandoned the work and it was subsequently completed by the contractor. The latter now has in its possession a balance of $10,309.17, after receiving payment in full from the owner. The claimants to this fund are the United States Government, the plaintiff, and the defendant, Roslyn Asphalt & Material Corp.
The Government’s claim arises from unpaid corporate income tax owing from the subcontractor taxpayer. Notice of the Federal tax lien was filed against the taxpayer — Grefe & Brennan, Inc., with the general contractor on December 11, 1958. The plaintiff and the other claimant filed notices of mechanics’ liens shortly thereafter.
In this case, determination of the priority to be accorded the competing claims necessitates construction of section 36-b of the Lien Law, as it existed (L. 1942, ch. 808) before its repeal in 1959 and the transfer of its provisions to new article 3-A (L. 1959, ch. 696, enacting Lien Law, §§ 70-79; see, also, 1959 Report of N. Y. Law Rev. Comm., p. 185). The question, however, has been squarely answered by the Court of Appeals in Aquilino v. United States of America (10 N Y 2d 271, 282). In that case, the court, in construing former section 36-a, stated: “ Our conclusion, then, is that, as a matter of New York law, a contractor does not have a sufficient beneficial interest in the moneys, due or to become due from the owner under the contract, to give him a property right in them, except insofar as there is a balance remaining after all subcontractors and other statutory beneficiaries have been paid. This being so, it *953 follows that the tax lien herein asserted by the Government against the property of the contractor-taxpayer is ineffective to reach such moneys and that the plaintiff-subcontractors are entitled to the * * # fund.”
The difference between former section 36-a, construed by the court in the Aquilino case, and former section 36-b, here applicable, is not substantial. Both sections are identical with the exception that the one applied to funds received by a contractor from the owner, and the other to payments rbceived by a subcontractor from the contractor. In either case, the funds constitute a trust res in the hands of the person receiving them, to be applied first to the payment of the beneficiaries designated by the statute who contributed work, labor or materials to the particular improvement.
■Such being the case, it follows that the subcontractor-taxpayer, in the instant situation, does not possess a beneficial interest in the fund due from the contractor except insofar as there is a balance remaining after all the designated statutory beneficiaries have been paid. Since the payments due the plaintiff and the other lienor (Roslyn Asphalt & Material Corp.) exceed the balance held by the contractor, the tax lien of the Government is ineffective to reach the fund. Consequently, both lienors are entitled to the proceeds of the fund to the exclusion of the Government, as well as all other creditors not similarly situated or secured. The record indicates there are no other lien creditors, and the plaintiff and Roslyn Asphalt & Material Corp. take the entire fund, on a prorata basis, inasmuch as the amount due them exceeds the balance on hand.
The application for summary judgment is granted, and the contractor, Viet & Co., Inc., is directed to distribute to the plaintiff and Roslyn Asphalt & Material Corp. their prorata share of the funds in its possession, as herein requested.